2013 UT App 264

# THE UTAH COURT OF APPEALS

A HEALTHY CHOICE,
Plaintiff and Appellant,
*v.*
MICHELLE BROWN, KELLY BROWN, AND KELSEY BROWN
Defendants and Appellees.

Per Curiam Decision
No. 20120647-CA
Filed November 7, 2013

Second District Court, Farmington Department
The Honorable David M. Connors
No. 100700291

M. Dirk Eastmond and Terry R. Spencer, Attorneys
for Appellant
J. Preston Stieff, Attorney for Appellees

Before JUDGES STEPHEN L. ROTH, MICHELE M. CHRISTIANSEN, and JUDITH M. BILLINGS.[1]

PER CURIAM:

¶1     A Healthy Choice (Healthy Choice) appeals the trial court's order granting summary judgment in favor of Michelle, Kelly, and Kelsey Brown and dismissing the action. We affirm.

¶2     Months after the close of discovery in this matter, the Browns moved to dismiss the case based on Healthy Choice's

---

1. The Honorable Judith M. Billings, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11-201(6).

failure to provide any factual support for its claim of intentional interference with economic relations alleged in its complaint. At a hearing on the motion to dismiss, the trial court considered matters outside of the pleadings and therefore noted that the motion would proceed as a summary judgment motion. *See* Utah R. Civ. P. 12(b) (stating that a motion to dismiss shall be treated as a motion for summary judgment if matters beyond the pleadings are considered). The Browns had previously submitted affidavits denying the primary allegation of the complaint that they had reported false information to the Consumer Protection Agency. The trial court gave Healthy Choice additional time to present evidence to establish a dispute of material fact that might defeat the summary judgment motion.

¶3     Healthy Choice provided two affidavits in an attempt to support its claim. The trial court determined that the affidavits failed to create a dispute of material fact and that, regardless, they were untimely based on the closure of discovery. Accordingly, the trial court granted the summary judgment motion.

¶4     Summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* R.56(c). An appellate court reviews a grant of a motion for summary judgment for correctness. *See Ross v. Epic Eng'g, PC*, 2013 UT App 136, ¶ 13, 307 P.3d 576. When a defendant moves for summary judgment on an issue on which the plaintiff will have the burden of proof at trial, a defendant may meet its burden by showing, with reference to discovery materials and affidavits, if any, that there is no genuine issue of material fact. *Id.* When a defendant makes such a showing, the burden shifts to the plaintiff, who may not rest upon the mere allegations of the complaint, but must set forth specific facts showing there is a genuine issue for trial. *Id.* Affidavits in support of or in opposition to a motion for summary judgment "shall be made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence." Utah R. Civ. P. 56(e).

¶5    In this case, even if the trial court had not struck the affidavits provided by Healthy Choice as untimely, the affidavits failed to establish any specific material fact that would preclude summary judgment. The complaint alleged, upon information and belief, that the Browns had provided information to the Consumer Protection Agency which caused an administrative action to be pursued against Healthy Choice. Faced with affidavits specifically denying that allegation, Healthy Choice was required to provide some evidence based on personal knowledge that the Browns had in fact provided that information. At the motion hearing, counsel represented that such evidence could be obtained in the form of an affidavit from an employee of the Consumer Protection Agency. However, no affidavit from the Consumer Protection Agency was presented. Rather, the affidavits submitted by Healthy Choice were from a part-owner of Healthy Choice and one of its employees. Nothing in those affidavits supported the allegation that the Browns provided information to the Consumer Protection Agency. Most of the allegations in the affidavit of Healthy Choice's employee related to a divorce action and were not relevant to the allegations or cause of action in the complaint. Accordingly, there was no genuine issue of material fact established regarding whether the Browns provided information to the Consumer Protection Agency.

¶6    With no genuine issue of fact demonstrated and no factual basis for Healthy Choice's claim of intentional interference with economic relations established, the Browns were entitled to judgment as a matter of law.[2]

¶7    Affirmed.

---

2. Because the trial court did not err in granting summary judgment, we do not address the other issues raised in Healthy Choice's brief. *See State v. Carter*, 776 P.2d 886, 888 (Utah 1989).